```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| JET SYSTEMS, LLC | : |
| v. | : Civil Action No. DKC 24-1628 |
| J.F. TAYLOR, INC. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this copyright infringement and breach of contract case is the motion for leave to file a second amended complaint filed by Plaintiff JET Systems, LLC ("Plaintiff" or "JET"). (ECF No. 41). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I.   Background**

The full factual background is set forth in the court's September 17, 2025, memorandum opinion. (ECF No. 35, at 1–11). In short, Plaintiff was the subcontractor of prime contractor J.F. Taylor, Inc. ("Defendant" or "JFTI") on a government contract with the U.S. Navy regarding the NAVAIR PMA-209 Air Combat Electronics Program Office ("PMA-209") Mission Computer Adjunct Processor ("MCAP") Program and its Multi-Use Laboratory Environment ("MULE") team. (*See* ECF No. 19 ¶¶ 11-16, 25). As its contribution to the

program, Plaintiff provided its Adaptive Layer Framework ("ALF") software on a CD directly to PMA-209/MULE, rather than to Defendant, evidently out of secrecy concerns. (*See id.* ¶¶ 11, 23, 43). PMA-209/MULE determined the software to be deficient and issued a letter of concern, (*Id.* ¶ 29), which Defendant then found to constitute breach by JET of its contract with Defendant, (*Id.* ¶ 30). Defendant did not pay JET and ultimately terminated the contract on December 9, 2022. (*Id.* ¶¶ 31–32). The Navy delivered the CD to Defendant, rather than returning it directly to Plaintiff, on or around February 21, 2023, and Defendant returned the CD to Plaintiff on or around February 27, 2023. (*Id.* ¶ 34). Plaintiff then sued Defendant, asserting five counts: Count I (Copyright Infringement), Count II (Defend Trade Secrets Act violation), Count III (Conversion), Count IV (Maryland Uniform Trade Secrets Act violation), and Count V (Breach of Contract). (ECF Nos. 1 (Complaint); 19 (Amended Complaint)). The court dismissed Counts I-IV for failure to state a claim but did not dismiss Count V. (ECF No. 35).

   The court's September 17, 2025, order provided Plaintiff twenty-one days to move for leave to amend its complaint. (ECF No. 36 ¶ 3). On October 8, 2025, Plaintiff moved for leave to file a second amended complaint and attached its proposed second amended complaint with a redline version in accordance with Local

Rule 103.6. (ECF No. 41). Plaintiff seeks to amend Counts I, II and IV and eliminate Count III.[1] Defendant opposed Plaintiff's motion on October 22, 2025. (ECF No. 42). Plaintiff filed its reply on October 30, 2025. (ECF No. 43).

**II. Analysis**

Fed.R.Civ.P. 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Accordingly, the United States Court of Appeals for the Fourth Circuit has instructed that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the party of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The parties do not address bad faith and dispute only whether amendment would be prejudicial or futile. Although amendment would not be prejudicial, Plaintiff's failure to allege new facts that cure the identified deficiencies in Counts I, II, and IV render amendment futile.

    **1. Prejudice**

"Prejudice is 'often determined by the nature of the amendment and its timing.'" *Medline Indus., Inc. v. York Bldg. Prods. Co.*,

---

[1] Plaintiff makes no substantive amendment to Count V, which was not dismissed by the prior ruling.

702 F.Supp.3d 403, 408–09 (D.Md. 2023) (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc)).  The Fourth Circuit offered a spectrum to consider: at one end, amendment is plainly prejudicial if it asserts a new legal theory implicating new facts shortly before trial, and at the other end, amendment is not prejudicial if it asserts a new legal theory not implicating new facts before discovery has even occurred.  *See Laber*, 438 F.3d at 427.  Importantly, "'the time, effort, and money . . . expended in litigating [a] case' do not constitute 'substantial prejudice' weighing against leave to amend."  *Doe v. Mercy High Sch., Inc.*, No. 23-cv-1184-JRR, 2024 WL 4443076, at *3 (D.Md. Oct. 8, 2024) (quoting *Best v. Newrez LLC*, No. 19-cv-2331-GJH, 2020 WL 5513433, at *8 (D.Md. Sep. 11, 2020)) (collecting cases).

   Although Defendant focuses on futility of amendment, it argues in a footnote that "it would also be prejudicial to allow JET to amend once again."  (ECF No. 42, at 3 n.2).  As Defendant sees it, Defendant "has already been forced to respond to two deficient complaints with many of the same insufficient allegations expending unnecessary time and resources . . . [and it] should not be forced to do so a third time."  (*Id.*).  On the other hand, Plaintiff contends that amendment would not be prejudicial because "it is early in the case and no discovery has been conducted."  (ECF No. 41-1, at 4 (citing *Laber*, 438 F.3d at

4

427; *Mercy High Sch.*, 2024 WL 4443076, at *3)). Defendant challenges Plaintiff's reliance on *Mercy High School*, attempting to distinguish it on the grounds that the plaintiff there was seeking to file a second complaint as opposed to a third, the proposed complaint there added two counts, and the proposed complaint there "was specifically tailored to cure prior defects with detailed factual support." (ECF No. 42, at 3 n.2 (citing *Mercy High Sch.*, 2024 WL 4443076, at *4)).

Defendant's argument is unpersuasive. As the *Mercy High School* court explained and Plaintiff points out, "court[s] ha[ve] rejected [the] argument that being required to respond to multiple complaints constitutes prejudice." *Mercy High Sch.*, 2024 WL 4443076, at *3 (citing *Best*, 2020 WL 5513433, at *8); (ECF No. 43, at 2). In support, the court extensively discussed *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, where the plaintiff was seeking to file a *third* amended complaint and the court rejected the defendant's prejudice argument because "serially amend[ing] complaints" is not prejudicial absent bad faith. *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, No. 22-cv-1956-ELH, 2024 WL 449323, at *17 (D.Md. Feb. 6, 2024); *Mercy High Sch.*, 2024 WL 4443076, at *3-4. As noted, Defendant makes no allegation of bad faith. Thus, requiring Defendant to expend additional time and resources to respond to another amended complaint does not

5

rise to the level of prejudice.  No discovery has occurred yet in this case, which reinforces the lack of prejudice.

Moreover, the fact that the complaint here asserts no new counts does not indicate prejudice; if anything, it weighs against prejudice.  Finally, whether the new facts alleged are "specifically tailored to cure prior defects" goes to futility rather than prejudice.

**2.   Futility**

"A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face.'"  *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson*, 785 F.2d at 510).  In *Save Our Sound*, the Fourth Circuit further explained that "[a] proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Id.* (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).  The parties dispute whether the Fed.R.Civ.P. 12(b)(6) standard of review is the appropriate scrutiny to apply in the court's futility assessment.  (*See* ECF No. 43, at 3).  Judge Gallagher recently explored the interplay between the standard of review for futility and that for motions to dismiss: Although "it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion," requiring plaintiffs to meet the 12(b)(6) standard "would render superfluous

6

the Fourth Circuit's definition of a futile claim as one that is 'clearly insufficient or frivolous on its face,' and would run contrary to the Fourth Circuit's well-established 'policy to liberally allow amendment.'" *Yuxing v. Ameri-Asia LLC*, No. 23-cv-2684-SAG, 2024 WL 4607424, at *2 (D.Md. Oct. 28, 2024) (citation modified).  In other words, Plaintiff is correct that the appropriate scrutiny in a futility assessment can and perhaps should be more forgiving than the 12(b)(6) standard.  Amendment is still futile, however, if the "proposed amendment . . . fails to include allegations to cure defects in the original pleading."  6 Wright & Miller, Fed. Prac. & Proc. § 1487 (3$^d$ ed. 2025); *see also Olekanma v. Wolfe*, No. 15-cv-984-DKC, 2017 WL 4222630, at *7 (D.Md. Sep. 22, 2017).

　　Plaintiff seeks to amend Counts I (Copyright Infringement), II (Defend Trade Secrets Act violation), and IV (Maryland Uniform Trade Secrets Act violation).  Count I is predicated on Defendant's alleged copying of Plaintiff's software, and Counts II and IV center on Defendant's alleged improper acquisition and disclosure of Plaintiff's software.  (ECF No. 19 ¶¶ 54, 58-59, 70).  The earlier opinion dismissed Count I because Plaintiff did not explain why "the PMA-209/MULE team necessarily copied the ALF software" or why Defendant's possession of the CD containing Plaintiff's ALF software necessarily means Defendant copied the software.  (ECF

7

No. 35, at 19). Moreover, "[n]othing in the amended complaint suggest[ed] any facts showing Defendant copied the software, such as a later misuse of the software by Defendant or any other party." (*Id.*). Likewise, the court dismissed Counts II and IV because Plaintiff did "not specify how Defendant allegedly misappropriated the trade secrets, but assuming that Plaintiff alleges the misappropriation stems from the alleged copying," the claims failed for the same reasons as Count I. (*Id.* at 23).

Plaintiff highlights five relevant amendments, (ECF No. 41-1, at 5), but none cures any of the defects identified in the previous complaint.

First, Plaintiff adds that Defendant "w[as] aware of JET's position as a commercial competitor of JFTI and JET's desire to keep its proprietary ALF software from possession by JFTI." (ECF No. 41-3 ¶ 14). This addition, however, merely summarizes evidence that was already in the record and does not explain the independent legal significance of JFTI and JET's status as competitors. (*Id.* ¶¶ 14, 24-26). It thus fails to ameliorate any prior deficiency.

Second, Plaintiff includes an additional paragraph endeavoring to explain why the PMA-209/MULE team necessarily copied the ALF software. The previous complaint noted that the PMA-209/MULE team conveyed to JET that it "had successfully built the JET-delivered ALF software in VxWorks." (ECF No. 19 ¶ 27).

8

Now, Plaintiff adds that because "VxWorks is a real-time operating system that is necessarily separate from the computer environment where the CD containing the Baseline ALF software and documentation was installed," the PMA-209/MULE team must have copied the ALF software into the VxWorks operating system. (ECF No. 41-3 ¶ 31). While the court appreciates Plaintiff's explanation of VxWorks, it does not address the court's concern. Plaintiff does not explain why such copying, if it did occur, was unauthorized, given that the premise of Plaintiff's involvement with PMA-209/MULE was the provision of its ALF software and Defendant's Prime Contract required it to "integrate ALF into [PMA-209's] MCAP software environment." (ECF No. 19 ¶ 39). As Kevin Pilkerton of PMA-209/MULE communicated to JET: "The MULE team has made great progress installing the delivered ALF software. We were successfully able to build the delivered software in VxWorks." (ECF No. 1-15). The amendment fails to close this gap in Plaintiff's complaint.

Third, Plaintiff adds a paragraph stating that "[t]he admissions by JFTI that its personnel reviewed the ALF software that had been delivered to the Government create a reasonable suspicion that JFTI copied the ALF software without authorization." (ECF No. 41-3 ¶ 42). This paragraph, however, simply summarizes the allegations in paragraph 37 of the previous

complaint, where Plaintiff alleged that "JFTI personnel admitted they evaluated the ALF software that JET had delivered to the Government." (ECF No. 19 ¶ 37). Plaintiff's only modification is its contention that this creates a "reasonable suspicion" of unauthorized copying. As Defendant notes, however, this "reasonable suspicion" pleading does no more work than the "information and belief" pleading the court found deficient in the previous complaint. (ECF Nos. 35, at 19, 23; 42, at 5). Recasting deficient pleadings through synonyms does not justify amendment.

Fourth, Plaintiff emphasizes its new contention that "[a] CD containing ALF software and documentation can be carried virtually anywhere without detection, and it can be installed on host computers without detection," making it "reasonable for JET to suspect that during the eleven weeks that the Navy retained possession of the CD[,] . . . the Navy and potentially its contractors copied and used the ALF software and documentation." (ECF No. 41-3 ¶ 47; *see also* ECF No. 41-1, at 5). Once again, Plaintiff's "reasonable suspicion" is no more effective than its "information and belief" pleading.

Finally, Plaintiff adds an argument that "there is no legitimate, duly diligent, or lawful justification" for the Navy's eleven-week retention of the CD containing the software following termination of the contract. (ECF No. 41-3 ¶ 47). Presumably,

10

Plaintiff makes this argument against JFTI to support its contention that JFTI knew or had reason to know that acquisition of the software was improper. This conclusory assertion, however, has no effect on the factual deficiencies in Plaintiff's complaint, particularly because the Navy's eleven-week retention of the CD was already before the court when the claim was dismissed earlier. (ECF Nos. 19 ¶ 34; 35, at 7-8).

Given that none of the amendments Plaintiff proposes cures the deficiencies in its complaint, amendment is futile.[2] Consequently, Counts I-IV will be dismissed with prejudice. *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (noting that dismissal with prejudice is proper when amendment is futile).

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint will be denied.[3] A separate order will follow.

                                                              /s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] The court has reviewed the other minor revisions Plaintiff proposes to make to its complaint and finds that none saves the amendment from futility.

[3] Because the court previously dismissed Count III, Plaintiff's request to eliminate Count III is moot and denied as such.